**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LEVENSTON HALL, )<br>          )<br>     Petitioner, )<br>vs.      )     No. 2:05-cv-253-RLY-WGH<br>          )<br>MARK A. BEZY, Warden, )<br>          )<br>     Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Levenston Hall has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.      Hall is confined within this District serving the executed portion of a sentence imposed by the United States District Court for the Western District of Texas following his conviction for a drug offense. In this action, Hall claims that he is innocent of either the offense itself or culpability for the quantity of drugs responsible for what he characterizes as the majority of his sentence.

2.      Hall's conviction was affirmed on direct appeal in *United States v. Hall,* 208 F.3d 1007 (7th Cir. 2000) (unpublished). The trial court's subsequent denial of his motion for relief pursuant to 28 U.S.C. § 2255 was affirmed on appeal in *United States v. Hall,* 235 F.3d 1341 (unpublished).

3.      Hall insists that he received an improper sentence due in part, at least, to ineffective assistance of counsel. He states that he is innocent of the conduct leading to the enhancement of his sentence which were enhanced for various reasons.

4.      Ordinarily, an action pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to attack his conviction. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Garza v. Lappin,* 253 F.3d 918, 921 (7th Cir. 2001). However, § 2241 may be

utilized by a federal prisoner to challenge the legality of his or her conviction or sentence in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.' 28 U.S.C. § 2255 ¶ 5." *Id.* This is referred to in this Entry as the "savings clause." *Kramer.*

      5.    It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999). A remedy pursuant to § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence. *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). This means that "the focus is on procedures rather than outcomes." *Id.* Two elements are necessary to make the required showing:

> [A petitioner] must first show that the legal theory he advances relies on a change in law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 "inadequate") and "eludes the permission in section 2255 for successive motions." *See In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). Second, he must establish that his theory supports a non-frivolous claim of actual innocence. *See Taylor,* 314 F.3d at 835 ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review--and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."); *see also Cooper v. United States,* 199 F.3d 898, 901 (7th Cir. 1999) ("A valid claim of actual innocence would be enforceable under § 2241 . . . if relief under [§ 2255] was not . . . available.").

*Kramer,* 347 F.3d at 217.

      6.    The respondent argues that the circumstances required for invoking the savings clause have not been demonstrated. The only barrier Hall encounters with respect to a remedy via § 2255 is that Hall has previously filed a motion pursuant to § 2255 and that there are statutory limitations on the filing of a successive such motion. The prior challenges to Hall's conviction make clear that the statute he was convicted of violating has not undergone substantial revision or interpretation, nor has it been revoked, since the time of his conduct or trial, in a manner warranting retroactive relief. The savings clause does not apply here. *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."). Hall also states that he "did not have the resources to gather and present" the evidence which now supports his claim under § 2241, but this is clearly not a basis on which to trigger the savings clause.

      7.    Hall has failed to show that a motion for relief pursuant to 28 U.S.C. § 2255 would have been "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. The statutory savings clause does not authorize the present action.

8. Accordingly, there is neither a factual nor a legal basis on which to conclude that Hall is in custody in violation of the Constitution or laws of the United States. He is thus not entitled to the writ of habeas corpus he seeks. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/01/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana